**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

FAYETTE COUNTY SOLID WASTE AUTHORITY, et al.,

        Plaintiffs,

v.                        CIVIL ACTION NO.   2:25-cv-00023

ERP ENVIRONMENTAL FUND, INC., et al.,

        Defendants.

**ORDER**

Before the Court is Fayette County Solid Waste Authority's ("Plaintiff") Motion to Remand.   (ECF No. 57.)   For the reasons set forth below, Plaintiff's motion is **GRANTED**.

## I.   *Introduction*

This case, initially brought in Fayette County Circuit Court, West Virginia, arises out of an alleged need to "abate an existing, illegal open dump of solid waste" that is discharging acid mine drainage in Fayette County.   (ECF No. 1-1 at 17.)   On January 14, 2025, Defendants Century Indemnity Company, Illinois Union Insurance Company, Insurance Company of North America, and Pacific Employers Insurance Company ("Insurers") removed the case to this Court.   (ECF No. 1.)   The Insurers assert that removal of the case is proper under 28 U.S.C. §§ 1441 and 1332 because "complete diversity exists between Plaintiff and all of the properly joined defendants." (*Id.* at 4.)   The Insurers further assert that the excess insurers[1] were improperly joined because

---

[1] The excess insurers are listed in the notice of removal.   (ECF No. 1 at 5.)

1

Plaintiff's claims against the excess insurers are "contingent and unripe until [Plaintiff] first establishes liability arising out of Eastern Associated Coal's conduct." (*Id.* at 4-5.) Finally, the Insurers assert that Defendant ERP Environmental Fund ("ERP") is a nominal party whose presence does not impede removal based on diversity jurisdiction. (*Id.*) Plaintiff filed its Motion to Remand on February 13, 2025, (ECF No. 57), the Insurers filed their response on February 27, 2025, (ECF No. 59), and Plaintiff replied on March 6, 2025, (ECF No. 61.) Therefore, Plaintiff's motion is fully briefed and ripe for adjudication.

## II.    Discussion

The fraudulent joinder doctrine "permits removal when a non-diverse party is (or has been) a defendant in the case." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). "This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Id.* A defendant alleging fraudulent joinder bears a high burden. *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). The defendant must show either that (1) "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court" or that (2) "there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (internal quotation marks and citation omitted). Under the first prong, a plaintiff is only required to show a "glimmer of hope of succeeding against the non-diverse defendants." *Johnson v. American Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) (internal quotation marks omitted). "[W]hen considering whether [plaintiffs] have satisfied this standard, [courts] must resolve all legal and factual issues in their favor." *Id.* "This standard is even more favorable to

the plaintiff than the standard for ruling on a motion to dismiss under [Federal Rule of Criminal Procedure] 12(b)(6)."   *Hartley*, 187 F.3d at 424.

### A.  The Excess Insurers

The Insurers assert that "all claims against insurers are contingent and unripe until the FCSWA first establishes liability arising out of Eastern Associated Coal's conduct" and that "[m]isjoinder applies when defendants are only subject to contingent, unripe claims."   (ECF No. 1 at ¶ 4.)   In support of their claim that parties are fraudulently joined when they are only subject to unripe claims, the Insurers cite opinions from the Southern District of Florida and Western District of Texas.   (*See* ECF No. 59 at 17.)   The Insurers did not cite, and the Court was not able to find, binding authority that fraudulent joinder exists when defendants are only subject to unripe claims.   One of the cases cited by the Insurers, *Terry Black's Barbecue, LLC v. State Auto. Mut. Ins. Co.*, combined its analysis of ripeness and fraudulent joinder and applied a "Rule 12(b)(6)-type analysis to determine whether a claim is stated under state law against the non-diverse defendant."   2020 WL 6537230 at *3 (W.D. Tex. Nov. 5, 2020).   In *Goucher College v. Continental Casualty Co.*, the United State District Court for the District of Maryland held that an "[i]nsurer's ripeness argument [fell] short" under the *Terry Black's Barbecue* 12(b)(6) standard because "[t]he standard set out by the Fourth Circuit places a much higher standard on the removing party."   541 F. Supp. 3d 642, 649 (D. Md. 2021) (internal quotation marks omitted). The court further explained that "the state court ultimately may determine that this claim is not ripe, but all doubts must be resolved in favor of remand."   *Id.* at 649 n.4.

Under the appropriate Fourth Circuit standard, a plaintiff is only required to show a "glimmer of hope of succeeding against the non-diverse defendants."   *Johnson*, 781 F.3d at 704.

As Plaintiff argues, from 1963 to 1977, there is a total of $50,000/year of primary coverage for property damage available to Eastern Gas & Fuel Associates/Eastern Associated Coal Corporation. (ECF No. 61 at 15.)   Based on the claims asserted by Plaintiff, there is at least a "glimmer of hope" that the primary policies would be exhausted and Plaintiff could prevail against the excess insurers.   The Insurers have not met the heavy burden for establishing fraudulent joinder as to the excess insurers.

### B. ERP Environmental Fund

As further grounds for removal, the Insurers assert that ERP "is in receivership and can only be sued in the Circuit Court of Kanawha County, which manages the receivership."   (ECF No. 1 at 4.)   The Insurers also assert that because ERP is in receivership, it is not capable of being sued, thus making ERP a nominal party.   (ECF No. 59 at 19.)   Thus, the Insurers allege, ERP's presence cannot be an impediment to removal of the lawsuit based on diversity jurisdiction.   (*Id.*)

A nominal party does not have to consent to removal of a case.   *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259 (4th Cir. 2013).   This exception "ensures that only those parties with a palpable interest in the outcome of a case, and not those without any real stake, determine whether a federal court can hear a case."   *Id.*   "Nominal means simply a party having no immediately apparent stake in the litigation either prior or subsequent to the act of removal.   In other words, the key inquiry is whether the suit can be resolved without affecting the non-consenting nominal defendant in any reasonably foreseeable way."   *Id.* at 260.   "Determining nominal party status is a practical inquiry, focused on the particular facts and circumstances of a case, which district courts can be relied upon to apply with the same sound judgment demonstrated in this action."   *Id.*

ERP is directly named as a defendant in Count One for a continuing "Open Dumping Public Nuisance," in Count Two for "Open Dumping Abatement Action Costs," and in Count Four for "Declaratory Relief Pursuant to Section 15(d) of the W. Va. Solid Waste Management Act." (*See* ECF No. 1-1.) Under Counts One, Two, and Four, ERP is the only defendant that is not characterized as nominal by Plaintiff. Upon applying the standard for determining what makes a party nominal, it is clear that ERP is not nominal. ERP, as a named defendant in three counts, has an immediate stake in the litigation and the suit cannot be resolved without affecting ERP in any reasonably foreseeable way. ERP's receivership status does not moot this analysis either. While it may be true that ERP is in receivership and can only be sued in the Circuit Court of Kanawha County, that doesn't render it a nominal party. If anything, remand is even more appropriate given ERP's receivership status, which is an issue that can be adequately addressed by the state courts.[2]

### III.    Conclusion

For the reasons stated above, Plaintiff's Motion to Remand the Case is **GRANTED**. (ECF No. 57.) Accordingly, it is further **ORDERED** that this case is **REMANDED** to the Circuit Court of Fayette County, West Virginia.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party. The Clerk is further **DIRECTED** to send a certified copy of this Order to the Clerk of the Circuit Court of Fayette County.

---

[2] As complete diversity does not exist on other grounds, this Court need not determine whether the FCSWA is an arm of the state of West Virginia.

ENTER:       July 3, 2025

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE