IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

FAYETTE COUNTY SOLID WASTE AUTHORITY, et al.,

        Plaintiffs,

v.                                          CIVIL ACTION NO.   2:25-cv-00023

ERP ENVIRONMENTAL FUND, INC., et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Fayette County Solid Waste Authority's ("Plaintiff") Motion for Fees and Costs. (ECF No. 68.) For the reasons discussed below, the motion is **DENIED**.

## I.    BACKGROUND

This matter arises out of the alleged need to "abate an existing, illegal 'open dump' of 'solid waste'" that is discharging "Acid Mine Drainage" in Fayette County. (ECF No. 1-1 at 17, ¶ 1.)

Plaintiff initially brought this action in state court, but Defendants Century Indemnity Company, Illinois Union Insurance Company, Insurance Company of North America, and Pacific Employers Insurance Company (collectively, "Insurers") removed the case to this Court. (ECF No. 1.) Insurers removed under 28 U.S.C. §§ 1441 and 1332, alleging that "complete diversity exists between Plaintiff and all of the properly joined defendants." (*Id.* at 4.)

Plaintiff moved to remand the case on February 13, 2025, asserting a lack of complete

diversity.  (ECF No. 57.)  This Court granted Plaintiff's motion and remanded this case to the Circuit Court of Fayette County, West Virginia.  (ECF No. 66).

Following the remand, Plaintiff filed the present Motion for Fees and Costs, (ECF No. 68), Insurers filed their response, (ECF No. 70), and Plaintiff replied, (ECF No. 71).  Therefore, Plaintiff's motion is fully briefed and ripe for adjudication

## II.   LEGAL STANDARD

Upon remanding a case to state court, the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).  In other words, "the standard for awarding fees should turn on the reasonableness of the removal."  *Id.* at 141.  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  *Id.*  Any such award is at the Court's discretion and may be made regardless of whether the removal was in bad faith.  *In re Lowe*, 102 F.3d 731, 733 n.2 (4th Cir. 1996).

## III.   DISCUSSION

As a preliminary matter, the Court addresses the parties' arguments concerning the timeliness of Plaintiff's motion for fees and costs.  In their response to Plaintiff's motion, Insurers

2

allege that Plaintiff's request for fees and costs may be untimely because Plaintiff filed the present motion *after* this case was remanded.  (ECF No. 70 at 4.)  Plaintiff responded that its request is timely under the majority view, which this Court has adhered to in similar situations.  (ECF No. 71 at 1–2.)  The Court agrees with Plaintiff that a court can award fees after remanding.  *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (noting that "district courts may award costs after an action is dismissed for want of jurisdiction"); *see also Fidrych v. Marriot Int'l, Inc.*, 952 F.3d 124 (4th Cir. 2020) (explaining that "a court's power to resolve collateral issues extends beyond its power to resolve the underlying case").  Accordingly, Plaintiff made a timely request for attorney's fees.

"Questions of removal are often complicated, generating the most extensive commentary in the most learned of treatises."  *In re Crescent City Estates, LLC*, 588 F.3d 822, 830 (4th Cir. 2009).  The removal in this case is no less complex.  Two main issues arose from Insurers' removal of the case.  The first was whether Plaintiff improperly joined excess insurers to this suit.  Insurers alleged that Plaintiff's claims against the excess insurers were "contingent and unripe until [Plaintiff] first establishes liability arising out of Eastern Associated Coal's conduct."  (*Id.* at 4–5.)  The second was whether Defendant ERP Environmental Fund, Inc. ("ERP") was a nominal party.  (ECF No. 59 at 19.)  According to Insurers, because ERP was in receivership and not capable of being sued anywhere but the state circuit court, it was a nominal party.  (*Id.*)  Each issue is addressed in turn.

### A. Excess Insurers

When Insurers removed, they alleged that the excess insurers were fraudulently joined because the claims against them were "contingent" and "unripe."  (ECF No. 1.)  In its remand

order, the Court addressed this issue and found that Plaintiff did not fraudulently join the excess insurers because there was a "glimmer of hope" that Plaintiff could prevail against them. (ECF No. 57.)

Now, Plaintiff alleges that no reasonable basis existed for the removal because Insurers "cited no authority" showing that fraudulent joinder exists when defendants are subject only to unripe claims. (*Id.*) In response, Insurers argue that they "offered authorities from other Circuits in which courts, faced with analogous facts, found misjoinder." (ECF No. 70 at 7.)

Plaintiff mistakenly alleged that Insurers did not cite any authority to support its fraudulent joinder claim. In fact, Insurers cited three opinions[1] to support their claim of fraudulent joinder. Despite having no binding authority on this Court, these opinions ultimately supported Insurers' arguments. (*See* ECF No. 66 at 3 (discussing cases).) Accordingly, Insurers did not make bald contentions that fraudulent joinder applied, rather, they cited legal authority to support their claim.

Thus, Insurers held an objectively reasonable basis for their removal as to the issue of the excess insurers. *See Cross Lanes Veterinarians Real Prop. LLC v. Huntington Bancshares Inc.*, No. 2:12-cv-8084, 2013 WL 5409817, at *6 (S.D. W. Va. Sept. 25, 2013) (Johnston, J.) ("A defendant has an objectively reasonable basis for seeking removal where there is some clear authority, even if outside the court's jurisdiction, which supports the removing party's position regarding the issue before the court.").

### B. ERP

Insurers also alleged in their removal that ERP was a nominal party because it was in

---

[1] *See JWC Hamptons, Inc. v. Empire Indem. Ins. Co.*, No. 0:19-cv-62232, 2020 WL 37571, at *1–2 (S.D. Fla. Jan. 3, 2020); *Terry Black's Barbecue, LLC v. State Auto. Mut. Ins. Co.*, 514 F. Supp. 3d 896, 901 (W.D. Tex. 2021) (collecting cases); *Karambis Props., Inc. v. Milford Cas. Ins. Co.*, No. SA-23-CV-129-FB, 2024 WL 3221723, at *2–3 (W.D. Tex. Mar. 10, 2024) (collecting cases).

receivership and not capable of being sued anywhere but the state circuit court. (ECF No. 1 at 4–5.) This Court found that ERP's receivership status did not render it a nominal party. (ECF No. 66 at 5.) Rather, this Court reasoned that ERP had "an immediate stake in the litigation" that could not be resolved "without affecting ERP in any reasonably foreseeable way." (*Id.*)

Here, Plaintiff alleges that this Court "easily[] and quickly dispatched" Insurers' argument concerning ERP when it found that "'ERP, as a named defendant in three counts, has an immediate stake in the litigation and the suit cannot be resolved without affecting ERP in any reasonably foreseeable way.'" (ECF No. 69 at 3 (quoting ECF No. 66 at 5.)) So, according to Plaintiff, "the question of whether Defendants' removal was appropriate was never a "'close call[.]'" (*Id.*) In response, Insurers allege that ERP could reasonably be considered a nominal party because ERP is in receivership and has "no ability to respond to the causes of action asserted against it."[2] (ECF No. 70 at 9.)

Insurers' argument as to ERP, although wrong, was not patently frivolous. *See Common Cause v. Lewis*, 956 F.3d 246, 257 (4th Cir. 2020) ("Far from taking a patently frivolous position, [defendants] had an objectively reasonable—though weak and ultimately unsuccessful—basis for seeking removal."). "[D]etermining nominal party status is a practical inquiry, focused on the particular facts and circumstances of a case[.]" *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 260 (4th Cir. 2013). In this case, ERP's status as a party in receivership raised an objectively reasonable—though weak and ultimately unsuccessful—basis for Insurers to argue

---

[2] Additionally, in its motion to remand, Plaintiff stated "there exists no . . . basis that supports disregarding the WV citizenship of [ERP] . . . under the 'fraudulently joined party' exception to the requirement of complete diversity[.]" (ECF No. 58 at 2.) According to Insurers, this statement by Plaintiff constituted a waiver as to whether ERP was fraudulently joined because Plaintiff did not "provide any analysis, cite any supporting law or facts, or otherwise explain its position." (ECF No. 70. 8.) However, this argument is nonsensical, as Plaintiff cannot be expected to cite or analyze caselaw that it claims does not exist.

5

that ERP is a nominal party. Thus, Insurers held an objectively reasonable basis for their removal as to the issue of ERP being in receivership.

Accordingly, the Court **FINDS** that Insurers had an objectively reasonable basis for the removal.

### IV.   CONCLUSION

For these reasons, Plaintiff's Motion for Fees and Costs, (ECF No. 68), is **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:   February 2, 2026

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE